**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Wayne Derello, Jr., | No. CV-22-00348-PHX-MTL (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Backes, et al., | |
| Defendants. | |

**I.**

The matter before the Court is Plaintiff's appeal from the Magistrate Judge's ruling denying him an extension of time to file a response to Defendants' Motion for Summary Judgment. (Doc. 58) Plaintiff is an in-custody inmate suing various employees of the Arizona Department of Corrections for alleged constitutional violations. Defendants moved for summary judgment, arguing that Plaintiff failed to exhaust administrative remedies.

Plaintiff was given multiple extensions to file his brief responding to and opposing the Motion. Plaintiff's third motion to extend included a proposed response to the summary judgment motion, a proposed controverting statement of facts, and exhibits. (Doc. 49) The first two pages of the motion are entirely illegible, so the Magistrate Judge denied the motion to extend without prejudice, giving Plaintiff the opportunity to refile the document with "a legible version of pages 1 and 2 of the Motion." (Doc. 50) Instead of following this directive, Plaintiff filed a different motion that the Magistrate Judge liberally construed as

yet another motion to extend the response deadline. Because he failed to adhere to the order, the Magistrate Judge denied Plaintiff's third motion without prejudice and, later, denied his fourth motion to extend the deadline. (Doc. 53, 56.) This appeal followed the Magistrate Judge's denial of the fourth motion to extend Plaintiff's response deadline.

## II.

Congress has established the office of United States Magistrate Judge and conferred the authority "to hear and determine any pretrial matter pending before the court," except for certain matters not at issue here. 28 U.S.C. § 636(b)(1)(A). Dissatisfied litigants may appeal magistrate judge rulings to the district court. In the context of an order on a non-dispositive motion, Federal Rule of Civil Procedure 72 states that a district judge "must . . . modify or set aside any part of [an] . . . order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

An order denying a party extra time to file an opposition to a summary judgment motion, such as the one at issue here, is non-dispositive. This is because "[a] district court may not grant a motion for summary judgment merely because it is unopposed." *Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, 230 F.R.D. 438, 448 (M.D.N.C. 2005). The court "must still consider the motion on the merits, determine whether the moving party has met its burden of production, and determine whether any issue of material fact remains." *Id.*

The Court has reviewed Plaintiff's appeal of the Magistrate Judge's May 11, 2023, ruling (Docs. 56, 58). Plaintiff was provided several opportunities and extensions of time to file an opposition to the summary judgment motion. He failed to do so, and the Magistrate Judge appropriately denied his motion for another extension.

There is no basis to conclude that the absence of a response will automatically result in granting Defendants' motion. Indeed, where the nonmovant appears *pro se*, the court must consider as evidence in opposition to summary judgment all the *pro se* litigant's contentions that are based on personal knowledge and that are set forth in verified pleadings and motions. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *Schroeder v. McDonald*,

1    55 F.3d 454, 460 (9th Cir. 1995).

2            Further, the Ninth Circuit held that failure to oppose a summary judgment motion

3    under a Local Rule like 7.2(i) is not a basis to grant summary judgment.  *Heinemann v.*

4    *Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) ("The local rule at issue here, Western

5    District of Washington Rule 7(b)(2), is not simply a "deemed admitted" rule. It permits the

6    court to deem a non-movant's failure to respond a complete abandonment of its opposition

7    to summary judgment. This is the practice that the 2010 amendments to Rule 56 sought to

8    eliminate. Because this local rule conflicts with the Federal Rule, it cannot provide a valid

9    basis for granting a motion for summary judgment.")

10           Finally, although the Magistrate Judge's ruling was not clearly erroneous or

11   contrary to law, **the Court will consider Plaintiff's opposition to the pending summary**

12   **judgment motion if it is filed in the next 14 days**.  **NO FURTHER EXTENSIONS OF**

13   **TIME WILL BE PERMITTED**.

14                                         **III.**

15           For the reasons stated herein,

16           **IT IS ORDERED**:

17           1.      The Magistrate Judge's Order (Doc. 56) is **affirmed**.

18           2.      Plaintiff may file his opposition to the pending summary judgment motion

19   **within 14 days of this Order**. No further extensions shall be permitted for any reason.

20           Dated this 6th day of July, 2023.

21

22                                                      *Michael T. Liburdi*

23                                                 _____

24                                                      Michael T. Liburdi
                                                     United States District Judge
25

26

27

28